IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PATRICIA PEACOCK,
     Plaintiff,                                     Case No:
v.

                                                  JURY TRIAL DEMANDED

CYPRESS HEALTH SYSTEMS FLORIDA, INC.
d/b/a TRI COUNTY HOSPITAL-WILLISTON and
JERRY E. GILLMAN,
     Defendants.

-------------------------------------------------------------/

**COMPLAINT AND JURY TRIAL DEMAND**

COMES NOW the Plaintiff, PATRICIA PEACOCK, (hereinafter referred to as

"Plaintiff"), by and through her undersigned counsel and sues the Defendants,

CYPRESS HEALTH SYSTEMS FLORIDA, INC. d/b/a TRI COUNTY HOSPITAL-

WILLISTON and JERRY E. GILLMAN, (hereinafter referred to as "Defendants"), and

states as follows:

**INTRODUCTION**

1.       This is an action by Plaintiff against her former employers for violation of

the minimum wage provision pursuant to the Fair Labor Standards Act ("FLSA") and

unpaid wages pursuant to Florida common law. Plaintiff seeks damages and a

reasonable attorney's fee.  This court has the authority to grant declaratory relief

pursuant to the FLSA and the Declaratory Judgment Act ("DJA"), 28 USC Section.

2201-02.

**JURISDICTION**

2.      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and the state law claim.

**VENUE**

3.      The venue of this Court over this controversy is proper based upon the claim arising in the Northern District.

**THE PARTIES**

4.      Plaintiff was employed by Defendants at its businesses formerly located in Levy County, Florida.

5.      The Defendant, CYPRESS HEALTH SYSTEMS FLORIDA, INC. d/b/a TRI COUNTY HOSPITAL-WILLISTON, is a Florida profit corporation that operated a business in Levy County, Florida. Defendant, CYPRESS HEALTH SYSTEMS FLORIDA, INC. d/b/a TRI COUNTY HOSPITAL-WILLISTON, is an employer as defined by 29 U.S.c. § 203(d).  The employer has employees subject to the provisions of the FLSA, 29 U.S.c. § 206, in the facility where Plaintiff was employed.

6.      Plaintiff was an employee of CYPRESS HEALTH SYSTEMS FLORIDA, INC. d/b/a TRI COUNTY HOSPITAL-WILLISTON, and, at all times relevant to violations of the Fair Labor Standards Act was engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

7.      CYPRESS HEALTH SYSTEMS FLORIDA, INC. d/b/a TRI COUNTY HOSPITAL-WILLISTON is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1).

8.      During Plaintiff's employment, Defendant, JERRY E. GILLMAN, was the

owner and/or officer of Defendant, CYPRESS HEALTH SYSTEMS FLORIDA, INC.

d/b/a TRI COUNTY HOSPITAL-WILLISTON.

9.      During Plaintiffs employment, Defendant, JERRY E. GILLMAN, was

acting directly or indirectly in the interest of Defendant, CYPRESS HEALTH SYSTEMS

FLORIDA, INC. d/b/a TRI COUNTY HOSPITAL-WILLISTON, in relation to Plaintiffs

employment and was substantially in control of the terms and conditions of the

employee's work and is therefore considered a statutory employer under 29 U.S. C. §

203(d).

10.     Plaintiff has retained the undersigned firm to represent her in this matter

and has agreed to pay said firm a reasonable attorney's fee for its services.

11.     Plaintiff, herself, attempted to amicably resolve this dispute with the

Defendant and even contacted the Department of Labor regarding the same.  However,

no resolution was reached.  Moreover, all conditions precedents have occurred, have

been waived or have lapsed.[1]

**COUNT I**
**VIOLATION OF THE MINIMUM WAGE**
**PROVISIONS OF THE FLSA**

12.     Plaintiff re-alleges and incorporates herein the allegations contained in

paragraphs 1 through 11, above.

13.     The Defendants, CYPRESS HEALTH SYSTEMS FLORIDA, INC. d/b/a

TRI COUNTY HOSPITAL-WILLISTON and JERRY E. GILLMAN, willfully violated the

---

[1] Plaintiff notes that an almost identical lawsuit has been brought with Case No. 1:11cv00236 for another employee of the Defendants.

FLSA, by failing to compensate the Plaintiff at a rate equal to the minimum wage requirement for work performed while employed by the Defendants.

WHEREFORE, Plaintiff demands a judgment against all Defendants, jointly and severally, for the following:

(a)     Wages found to be due and owing;

(b)     An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest in the event liquidated damages are not awarded;

(d)     A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF THE FLSA'S
## OVERTIME PROVISIONS

14.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 11, above.

15.     The Defendants, CYPRESS HEALTH SYSTEMS FLORIDA, INC. d/b/a TRI COUNTY HOSPITAL-WILLISTON and JERRY E. GILLMAN, willfully violated the FLSA, by failing to compensate the Plaintiff at a rate equal to her overtime rate for hours worked in excess of 40 per week.

16.     Plaintiff is entitled to his reasonable attorney's fees in this matter pursuant to the FLSA.

WHEREFORE, Plaintiff demands a judgment against all Defendants, jointly and severally liable, for the following:

(a)     Wages found to be due and owing;

(b)     An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest in the event liquidated damages are not awarded;

(d)     A reasonable attorney's fee and costs; and,

(e)      Such other relief as the Court deems just and equitable.

**COUNT III**
**UNPAID WAGES - BREACH OF CONTRACT**

17.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 10 above.

18.     Plaintiff and Defendants entered into an oral employment agreement.

19.     Pursuant to the parties' agreement Defendants agreed to compensate the Plaintiff at a rate of $30 per hour, plus overtime, plus and additional $4.50 per hour for each hour worked.

20.     An essential term of the employment agreement was that Plaintiff would be paid as per the terms of said agreement.

21.     Defendants have willfully failed to pay Plaintiff for worked performed while she was an employee.

22.     Plaintiff has been damaged due to Defendants' willful failure to pay Plaintiff the appropriate agreed upon wages and reimbursements.

23.     All conditions precedent have occurred, have been waived or have lapsed.

24.     Plaintiff has retained counsel on a pure contingency fee and cost basis.

25.     Plaintiff requests that a contingency fee multiplier be applied.

26.     Pursuant to § 448.08, Florida Statutes, Plaintiff is entitled to costs of the action, a reasonable attorney's fee, and a contingency fee multiplier.

WHEREFORE, Plaintiff requests judgment against the Defendants, CYPRESS HEALTH SYSTEMS FLORIDA, INC. d/b/a TRI COUNTY HOSPITAL-WILLISTON and JERRY GILLMAN, for damages and prejudgment interest, together with costs of suit and reasonable attorney fees, along with a contingency fee multiplier, and such other and further relief as the court may deem proper.

**COUNT IV**
**DECLARATORY RELIEF**

27.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 10 above.

28.     Plaintiff and Defendants have a FLSA dispute pending, which the Court has jurisdiction to hear.

29.     Plaintiff may obtain declaratory relief.

30.     Defendants employed Plaintiff.

31.     Defendants are an enterprise.

32.     Plaintiff was individually covered by the FLSA.

33.     Plaintiff is entitled to be paid minimum wage pursuant to the FLSA.

34.     Defendant failed to pay Plaintiff her wages and overtime.

35.     Defendant did not rely on a good faith defense for its failure to abide by the FLSA.

36.     Plaintiff is entitled to an equal amount of liquidated damages.

37.     It is in the public interest to have these declarations of rights recorded.

38.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

39.     The declaratory judgment action terminates and affords relief from

uncertainty, insecurity and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against all Defendants as follows:

a).     Declaring, pursuant to 29 U.S.C. Sections 2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA,

b).     Awarding Plaintiff wages and overtime due for her time worked, plus liquidated damages,

c).     Awarding Plaintiff reasonable attorneys' fees and costs and expenses pursuant to 29 U.S.C. Section 216(b),

d).     Awarding Plaintiff prejudgment interest.

e).     Declaring, pursuant to 29 U.S.C. Sections 2201 and 2202, that the acts and practices complained herein violate the FLSA, that Defendants have a legal duty to pay Plaintiff for her overtime and minimum wages, that the Defendants have no good faith defense, and that Plaintiff is entitled to her minimum wages, liquidated damages, and reasonable attorneys' fees, and other proper relief.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated:  11/30/2011

Respectfully submitted,

/s/  Michael Massey

_____

Michael Massey
Florida Bar No. 153680
Massey & Duffy
855 E. Univ. Ave.
Gainesville, FL 32601
(352) 374-0878